**Jin Kang JIANG,[1] Petitioner,**

**v.**

**Alberto R. GONZALES,[2] Respondent.**

**No. 03–4553–AG.**

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

1. In accordance with the acknowledgment letter received from petitioner's counsel on April 10, 2003, the petitioner's designation in the official caption is amended from "Gen Kun Jian" to "Jin Kang Jiang."

2. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Fengling Liu, New York, New York, for Petitioner.

Donald W. Washington, United States Attorney for the Western District of Louisiana, Katherine W. Vincent, Assistant United States Attorney, Lafayette, Louisiana, for Respondent.

PRESENT: WALKER, Chief Judge, CALABRESI, and POOLER, Circuit Judges.

## SUMMARY ORDER

Jin Kang Jiang petitions for review of the March 2003 order of the BIA affirming the decision of the immigration judge ("IJ") to deny his applications for asylum, withholding of removal, and relief under the Convention against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is presumed.

Jiang contends the IJ incorrectly found that he had failed to meet the standards for asylum and that the IJ's adverse credibility determination and finding of a lack of corroboration were not supported by substantial evidence.

This Court will overturn the IJ's factual findings only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) internal quotations omitted). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See id.* at 287. Finally, while we afford "particular deference" to an adverse credibility determination, *Zhou Yun Zhang*, 386 F.3d at 74, that determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, such as speculation or conjecture, *Secaida–Rosales*, 331 F.3d at 307, 312.

The IJ's adverse credibility determination was not supported by substantial evidence, because the inconsistencies discussed by the IJ were neither substantial nor material to the credibility of the testimony. *See Diallo*, 232 F.3d at 288. The IJ found it problematic that Jiang had "retracted" his statement about the timing of the registration of the children in his household because Jiang had first told the IJ that he had been ordered to register his children and "continue" paying the fine, then changed his statement and said that the fine had been imposed after the registration. This internal inconsistency in the testimony was material to Jiang's testimony because it regarded two important events that were relevant to his fear of retribution from the authorities. Nevertheless, this basis is insufficient given the other inconsistencies the IJ cited. For example, the IJ found that Jiang's statement that he had given up his first child to the child's grandmother conflicted with the household registry showing that the child had been registered in Jiang's household and was born there. In so concluding, the IJ disregarded the reality that when the household registration took place in April 1989, Jiang's wife had already been sterilized, and any need to hide to hide the child became moot at that point. Jiang's testimony that he was allowed to register his children in the household register when he agreed to pay the fine means that the registration came after the fine, which was imposed after the discovery of multiple children. In sum, the inconsistencies the IJ believed to exist between the evidence and the testimony do not appear to be inconsistencies; instead, the IJ erroneously relied on speculation in reasoning why the documents showed what she believed to inconsistencies. *See Zhou Yun Zhang*, 386 F.3d at 74.

Additionally, the IJ's corroboration requirements could not support a finding of adverse credibility because they were not grounded in "specific, cogent reasons." *Id.* The IJ noted that the x-ray films and report, even if they did show evidence of sterilization, failed to show the alleged forcible nature of that sterilization. Such documents, however, do not typically reveal the nature of a procedure. It was speculative to assume such evidence would be in the report. It was also unreasonable for the IJ to have expected Jiang to produce his wife's IUD certificate or checkup booklet. The IJ held there was no showing as to why they were not submitted, but that finding is clearly refuted by Jiang's testimony on cross-examination that his wife could not find those documents. The IJ also stated that Jiang was unable to prove that he was fined, but Jiang testified that there was no written fine delivered to him and that he had thrown away the receipt of his partial payment because it was just a little piece of paper. The IJ's expectations of documentation relied on speculation and not cogent reasons, and thus were improper and do not support a finding of adverse credibility.

The Government argues that Jiang failed to exhaust his administrative remedies with respect to the argument that the IJ erroneously found a lack of corroboration. However, because the brief on appeal to the BIA clearly mentions the argument in the "issues presented," and since the discussion of corroborating documentation significantly permeated the adverse credibility determination, the BIA was "alert[ed]" to the "discrete issue." *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). Accordingly, Jiang did exhaust the issue and this Court has jurisdiction to review it.

The denial of Jiang's asylum claim cannot be affirmed on the alternative basis that even if he is deemed to be credible, he failed to provide documentary corrobora-

tion. It is assumed that the IJ's grounds supporting her brief alternative finding of a lack of corroboration may be found in the preceding discussion of the documents in regard to the adverse credibility determination. "While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo*, 232 F.3d at 285. To deny an asylum claim for lack of sufficient corroboration, the court must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to the petitioner. *See Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003) (citing *Diallo*, 232 F.3d at 290).

The IJ found there was no documentary evidence concerning pivotal issues, such as the time of the sterilization, but her assessment of what was reasonably available to Jiang was erroneous because much of the evidence was clearly beyond the ability of Jiang or his wife to obtain. *See Diallo*, 232 F.3d at 288–89 (citing *In re S–M–J–,* 1997 WL 80984, 1997 BIA LEXIS 3, at *11) ("applicants must supply supporting documentation only if it 'is of the type that would normally be created or available in the particular country and is accessible to the alien, such as through friends, relatives, or co-workers'"). During the hearing, the IJ specifically asked Jiang if he had any document that could prove the alleged sterilization. The IJ apparently gave little to no weight to the Jiang's submission of his wife's statement asserting that she had been forcibly sterilized for violating the family planning policies and that Jiang had been detained and fined for having argued with the officials. *Cf. Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004) (remanding to BIA where IJ and BIA failed to consider relevant testimony that corroborated petitioner claim and even

stated no such evidence existed); *Chen v. Gonzales*, 417 F.3d 268, 272 (2d Cir.2005) (finding significant error in the BIA's failure to consider the country condition report submitted by petitioner). That piece of information, often missing in other asylum claims, went to the heart of Jiang's case. *See Zhou Yun Zhang*, 386 F.3d at 78 (noting importance and expectation of statement from wife corroborating petitioner's account of the forcible nature of her sterilization). Moreover, while the IJ noted in her findings of fact that most of the documentation had been given little weight because Jiang could not submit the envelopes in which it had been mailed, she failed to acknowledge that Jiang's wife's affidavit was submitted along with the actual envelope.

As to other proof of sterilization, Jiang specifically told the IJ that the document he had received at the time of his wife's sterilization had been confiscated by the police and taken to the police station. The expectation that Jiang produce this document, clearly out of Jiang's possession or available reach, especially over a decade since the event, was unreasonable. This applies as well to the expectation that Jiang submit his wife's IUD certificate or checkup booklet. Jiang clearly testified that his wife could not find it. Jiang's wife having been sterilized over a decade prior and having no need for an IUD or a document regarding an IUD, the IJ's expectation that such documentation even still existed was unreasonable. It was also unreasonable for the IJ to have expected the x-ray report to indicate the forcible nature of the sterilization or the timing of it. An x-ray report, as noted above, cannot show such things. In addition, the report, made in February 2000, would not have revealed the date of the actual sterilization, which took place a decade prior. Finally, for the same reasons discussed

above, the expectation that Jiang have available a fine notice, when he testified that it had been given orally, or a receipt of payment, when he testified that he had thrown it out because it was just a piece of paper, was unreasonable.

Accordingly, the BIA's decision is vacated and remanded. The BIA is instructed to first make a new credibility determination, and then, if Jiang is deemed credible, to identify what corroborating documentation was missing and then properly assess whether such documentation was reasonably available to him. *See Diallo,* 232 F.3d at 290.

Because Jiang did not make any argument regarding his claim for relief under CAT, that claim is deemed waived. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *see also Qiu,* 329 F.3d at 156.

For the foregoing reasons, the petition for review is GRANTED as to petitioner's asylum and withholding of removal claims and the order VACATED to the extent that it directs petitioner's removal and denies asylum and withholding of removal and this matter remanded for further proceedings consistent with this order. The petition for review is otherwise DENIED. The motion for stay of removal is denied as moot.